Louis Pechman
Jessica N. Tischler
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

JUDGE HELLERSTEIN

14 CV 1693

RECEIVED MAR 12 2014 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD MANLEY, on behalf of himself and all others similarly situated,

    Plaintiff,

-against-

MIDAN REST. INC. d/b/a MORAN'S CHELSEA and COLLEEN LYDON,

    Defendants.

**COMPLAINT**

**COLLECTIVE AND CLASS ACTION**

**ECF CASE**

**JURY TRIAL REQUESTED**

Plaintiff Edward Manley, on behalf of himself and all others similarly situated, by his attorneys, Berke-Weiss & Pechman LLP, complaining of defendants Midan Rest. Inc. d/b/a Moran's Chelsea and Colleen Lydon (collectively referred to herein as "defendants" or "Moran's"), alleges:

### NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum wages, overtime pay, misappropriated tips and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), on behalf of waitstaff who worked for defendants.

2. This action also seeks to recover misappropriated "gratuity charges" which defendants led their customers to believe were gratuities to be paid in their entirety to their service staff but which were actually retained by the house. This

practice was held by the New York Court of Appeals in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), to be unlawful. The Court of Appeals in *Samiento* stated:

> We conclude that a charge that is not a voluntary payment may be a "charge purported to be a gratuity" within the meaning of the statute.

*Id.* at 74.

3. The *Samiento* case relied on NYLL § 196-d, which requires that:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

4. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum wages, overtime pay and tips, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Moran's is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

7. Edward Manley ("Manley") resides in Queens, New York. He has been employed as a server at Moran's since November 2012.

8. Plaintiff is defendants' employee within the meaning of the FLSA and the NYLL, and worked at Moran's as an employee subject to the tip credit provisions of the NYLL and the FLSA.

9. At all times relevant to this action, plaintiff has been engaged in commerce or in the production of goods for commerce on behalf of defendants.

**Defendants**

10. Defendant Midan Rest. Inc. is a New York corporation that owns and operates Moran's Chelsea, a restaurant located at 146 Tenth Avenue, New York, New York 10011.

11. Defendant Midan Rest. Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

12. Defendant Colleen Lydon is a person engaged in business in the City and County of New York, who is an owner, officer, and/or agent of Midan Rest. Inc. She exercises sufficient control over Moran's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Moran's.

## CLASS ACTION ALLEGATIONS

13. The claims in this Complaint arising out of the NYLL are brought by plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and of a class consisting of all persons who have worked as waiters, runners, busboys, and bartenders ("waitstaff") for defendants at Moran's for the past six years (the "Rule 23 Class").

14. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

15. Upon information and belief, the size of the Rule 23 Class is at least fifty (50) people, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of defendants.

16. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

17. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a. Whether defendants violated NYLL Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations; 12 N.Y.C.R.R. Parts 137 and 146, as alleged herein;

   b. Whether defendants failed to pay employees the minimum wage for all hours worked;

   c. Whether defendants failed to pay employees overtime pay for all hours worked;

   d. Whether defendants forced employees to pay uniform costs and charged waitstaff for customer mistakes and walkouts;

   e. Whether defendants had demanded, handled, pooled, counted, distributed, accepted and/or retained service charges or portions of service charges paid by customers and which customers reasonably believed to be gratuities for the waitstaff;

   f. The nature and the extent of class-wide injury and the measure of damages for those injuries.

18. The claims of the plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and the members of the Rule 23 Class work or have

worked for defendants as waitstaff within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid at the correct minimum wage and overtime pay rates, and to keep the gratuities they earn. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the NYLL.

19. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to defendants' common policies, practices, and patterns of conduct.

20. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class members.

21. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

22. There is no conflict between the plaintiff and the Rule 23 Class members.

23. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of defendants' compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

24. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons who are current and former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of scores of employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime pay, tips, and other monies.

27. The FLSA Collective consists of employees who, during their employment with defendants, worked as waitstaff and fell into the category of "tipped employees," receiving a tipped minimum wage, *i.e.* defendants took a tip credit. 29 U.S.C. § 203(t).

28. As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

    a. failing to pay employees minimum wage for all hours worked;

    b. failing to pay employees overtime pay for all hours worked over forty;

    c. depriving the waitstaff of tips that they earned; and

    d. forcing employees to pay for required uniform purchase costs and customer mistakes and walkouts.

29. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

30. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## MORANS' FAILURE TO PAY MINIMUM WAGE

31. On July 24, 2007, the federal minimum wage was $5.85 per hour. On July 24, 2008, the federal minimum wage increased to $6.55 per hour. From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

32. On January 1, 2007, the New York State minimum wage was $7.15 per hour. From July 24, 2009 to December 30, 2013, the New York State minimum wage was $7.25 per hour. On December 31, 2013, the New York State minimum wage increased to $8.00 per hour.

33. The FLSA allows employers of "tipped employees" to apply a "tip credit" and pay their tipped employees at a reduced minimum wage rate.

34. From July 24, 2009 through December 31, 2010, the reduced minimum wage increased to $4.65 per hour, and from January 1, 2011 until the present, the reduced minimum has been $5.00 per hour.

35. At any given time, Moran's employs approximately fifteen (15) waiters, busboys, runners, and bartenders (the "waitstaff"), who fall under the category of "tipped employees" pursuant to the FLSA.