UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD MANLEY, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>MIDAN REST. INC. d/b/a MORAN'S CHELSEA and COLLEEN LYDON,<br><br>      Defendants. | **14 Civ. 1693 (HBP)**<br><br>**DECLARATION OF LOUIS PECHMAN** |

I, Louis Pechman, declare as follows:

1. I am the principal attorney at Pechman Law Group PLLC in New York, New York.  Pechman Law Group is a law firm based in New York City that represents both employers and employees in all aspects of labor and employment law.  I have been the attorney primarily responsible for the prosecution of the claims in this matter.

2. I am personally familiar with the facts and circumstances discussed herein and attach as exhibits true and correct copies of the documents referenced within.

3. I make this declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Motion for Preliminary Approval").

4. Since graduating from Fordham Law School thirty years ago, I have specialized in labor and employment law.  I was an attorney at Skadden, Arps, Slate, Meagher & Flom LLP; Vladeck, Waldman, Elias & Engelhard, P.C.; the *Daily News*; and Lambos & Giardino/ Lambos & Junge.  From 1996 through 2014, I was a partner in the firm, Berke-Weiss & Pechman LLP.

5. Over the past several years, I have handled over one hundred and fifty Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") cases, representing both employees and employers, including Fortune 500 corporations.  I

have been appointed class counsel or counsel for FLSA Collectives in several FLSA cases. *See, e.g., Carino v. Broadway & 166, LLC et al.*, No. 10 Civ. 8506, Docket No. 35 at *4 (S.D.NY. May 1, 2013) (recognizing that Louis Pechman "used his considerable expertise in this wage and hour case to achieve an excellent result for the Class in a highly efficient manner."); *In re Chickie's and Pete's Wage and Hour Litigation*, No. 12 Civ. 6820, Docket Entry No. 80 at *1 (consolidating cases and appointing Louis Pechman as lead counsel) (E.D.Pa. Mar. 28, 2013); *Duchene v. Michael Cetta, Inc. et ano*, No. 06 Civ. 4576, 2009 U.S. Dist. LEXIS 85955, at *7 (S.D.NY. Sept. 10, 2009) (recognizing Louis Pechman's "extensive experience in litigating wage and hour class actions"); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (awarding attorneys' fees and costs to Louis Pechman as Class Counsel).

6.      Since 2010, I have moderated an annual program at the New York County Lawyers' Association on "How to Handle a Wage and Hour Case." I am also chair of the Restaurant and Hospitality Law Committee of the Association of the Bar of the City of New York.   On October 6, 2015, I moderated a program at the City Bar on "Current Issues in Settlement of FLSA Cases."

7.      Since 1996 I have moderated a program at the New York County Lawyers' Association on "How to Handle An Employment Discrimination Cases."

8.      Pechman Law Group PLLC is "A-V" rated by Martindale-Hubbell and I have been selected by my peers for inclusion in *The Best Lawyers in America* and in *New York Super Lawyers* since 2007.  I have also been selected as a Fellow of the American Bar Association, an honorary organization limited to 1% of attorneys who have demonstrated outstanding achievements and dedication to the highest principals of the legal profession.

9.      On March 12, 2014, Plaintiff Edward Manley ("Plaintiff" or "Manley")

commenced this action as a putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), on behalf of all tipped employees who worked as servers, bussers, and bartenders employed by Midan Rest. Inc. d/b/a Moran's within the three years for the FLSA claims and within the six years prior to the filing of the lawsuit for the New York State Law claims.  In addition to Plaintiff Manley, five former tipped employees of Moran's opted-in to this case: Ricardo Rodriguez, Jennifer Kuehn, Michael Chang, Chris Hodges and Benjamin Sperry (together with Plaintiff Manley, referred to as the "Plaintiffs").

10.     Plaintiffs alleged that Defendants, Midan Rest. Inc. and owner Colleen Lydon (collectively referred to as "Defendants") violated the Fair Labor Standards Act and New York Labor Law ("NYLL") purportedly (1) improperly paid tipped employees pursuant to a tip credit in violation of the FLSA and the NYLL; (2) failed to pay tipped employees the appropriate overtime premium for all hours worked in excess of forty per workweek, in violation of the FLSA and NYLL; (3) failed to pay tipped employees spread-of-hours pay, in violation of the NYLL; (4) unlawfully retained a portion of tipped employees' tips, in violation of the NYLL; (5) failed to reimburse tipped employees for the purchase of materials necessary to complete the work duties assigned to them by Defendants, in violation of the NYLL, and (6) failed to meet the NYLL's requirements on wage statements and notices.

11.     Plaintiffs alleged that Moran's general manager, Tom Murphy, retained a portion of gratuities left by banquet customers.  Plaintiffs allege that Moran's charged a flat 20% gratuity fee to its banquet clients but did not distribute that amount in its entirety to the employees that worked that banquet.

12.     Plaintiffs also alleged that Moran's required the servers to purchase aprons and wine keys but failed to reimburse them for these work-related expenses.

3

13.     Plaintiffs were employed by Defendants in the same positions and were subjected to the same tip credit, overtime, spread of hours, unlawful deduction, and tipping practices as members of the putative class.

14.     At the Fed. R. Civ. P. 16 Initial Conference before Magistrate Judge Henry B. Pitman, the parties agreed to exchange limited discovery to assist them in developing their claims and defenses.

15.     In furtherance of class-wide settlement discussions, Defendants produced over one thousand documents relating to Plaintiffs' claims, including a sampling of payroll summaries of all putative class members and the final yearly paystub issued to each putative class member that stated the yearly total hours worked and tips earned within that year.   Defendants also produced all available banquet contracts, tip records, and personnel and timekeeping records for Plaintiff and the opt-in Plaintiffs.

16.     Defendants claimed that the majority of the banquet contracts and corresponding tip sheets were stored on a computer destroyed by Hurricane Sandy. The banquet contracts produced were mostly informal agreements that varied in specificity and did not explicitly state the gratuity amounts paid by the clients.

17.     Plaintiffs produced payroll records and communications relating to Moran's to Defendants.

18.     Throughout the discovery period, the parties' counsel engaged in telephonic and email conversations to help Plaintiffs' counsel arrive at a complete and thorough understanding of Defendants' payroll records.

19.     Plaintiffs' counsel conducted an extensive investigation of the claims in the lawsuit, including but not limited to discussions with the Plaintiffs, review of at least one thousand pages of documents, including time and payroll data produced by Defendants at Plaintiffs' specific requests, and analysis and preparation of a comprehensive damages

4

analysis.

20.     After scrutinizing the extensive data, Plaintiffs performed individual damage calculations for the 276 putative class members and provided it to Defendants.

21.     On March 16, 2015, I deposed Tom Murphy, Moran's General Manager for the past 30 years and the 30(b)(6) corporate representative of Defendant Midan Rest. Inc.

22.     At his deposition, Murphy maintained that the restaurant never retained any banquet gratuities and that Plaintiffs may have overestimated how much banquet customers left in gratuity.  Murphy stated that clients often left less than 20% in gratuity and suggested that perhaps the headwaiters pocketed more in gratuities than the rest of the waitstaff. Murphy also stated that Moran's did not retain any invoice or receipt of how much clients actually paid in gratuities.  Murphy also stated that any aprons or wine keys purchased by the staff were not required items and therefore not subject to reimbursement.

23.     On March 4, 2015 Defendants deposed opt-in Plaintiff Ricardo Rodriguez, and on March 6, 2015, Defendants deposed opt-in Plaintiffs Michael Chang and Chris Hodges.

24.     The parties were ultimately able to resolve this case after a thirteen-hour mediation session with mediator Ruth Raisfeld, Esq., a well-known and experienced mediator in wage and hour cases.

25.     Prior to the mediation, Plaintiffs submitted a detailed mediation statement that explained the claims and damage calculations.

26.     At mediation, Defendant Colleen Lydon claimed to have multiple investors and other debts that must be paid back using the proceeds of her sale of Moran's restaurant.

27.     At the mediation, the parties engaged in a vigorous exchange regarding their respective claims and defenses.  Ultimately, the parties reached agreement on the settlement amount and several other key terms.  During the next few months, the parties negotiated the remaining terms of the settlement, which were memorialized in a Settlement Agreement.

28.     A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.  Attached as Exhibit "A" to the Settlement Agreement is a Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

29.     At all times during settlement negotiations, negotiations were conducted on an arms-length basis.

**THE SETTLEMENT AGREEMENT**

30.     Plaintiff Edward Manley executed the Settlement Agreement on September 15, 2015 and Defendants Colleen Lydon and Midan Rest. Inc. executed the Settlement Agreement on September 10, 2015.

31.     The Settlement Agreement provides that Defendants shall pay a settlement amount of Nine Hundred and Twelve Thousand Five Hundred Dollars ($912,500).  The proposed class will include Plaintiffs and all servers, bussers, and bartenders who worked for Moran's during the statutory period.

32.     The settlement payment includes awards to class members, a service award to Plaintiff Edward Manley, attorneys' fees and costs, and reasonable claims administrator's fees. (*Id*. at §3.2, §1.26).

33.     According to our calculations, Plaintiffs and the putative class members are owed approximately $676,629.46 in unpaid wages, misappropriated tips, and statutory damages under the Wage Theft Prevention Act.  Defendants deny that Plaintiffs are owed any damages and further claim that Plaintiffs' damages calculations

6

are overstated.

34.     Together with counsel for Defendants, we jointly designated Rust Consultants as the proposed settlement claims administrator.  The settlement claims administrator's reasonable fees and costs will be paid from the Settlement Payment. Settlement Agreement §1.26.  The claims administrator estimates that their costs will not exceed $15,500.

## CERTIFICATION OF THE SETTLEMENT CLASS

35.     There are approximately two hundred and seventy-six (276) putative class members who are eligible to participate in the settlement.

36.     Although notice of the Settlement has not yet been issued to the class, the class representative and opt-in Plaintiffs support the settlement.

37.     Plaintiff Edward Manley is an adequate representative of the proposed class and has provided valuable input to counsel at every stage of this litigation.  He has fairly and adequately represented and protected the interests of all putative class members, and has no known conflicts with any putative class member.  He has assisted with the preparation of the Complaint, producing documents in support of the claims, attending all depositions, reviewing documents produced by Defendants, assisting with the preparation of the mediation briefing and the mediation session, and shouldering the risks incurred as named Plaintiff and class representative.

38.     Pechman Law Group meets all relevant criteria for appointment as class counsel under Rule 23. The firm has done substantial work identifying, investigating, prosecuting, and settling the claims; has substantial experience prosecuting and settling wage and hour class actions; is well-versed in wage and hour and class action law; and is well-qualified to represent the interests of the class.

39.     Attached hereto as Exhibit 2 is a Proposed Order certifying, for purposes

of settlement, the state class under Fed. R. Civ. P. 23 and approving of the class settlement, appointment of Plaintiffs' counsel as class counsel and approval of the proposed notices of settlement.

Dated:  New York, New York
         October 22, 2015

Louis Pechman